UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST,     )  | |
| )  | |
| Plaintiff     )  | |
| )  | |
| v.     )  | Civil No. 03-276-P-S |
| )  | |
| JUSTICE PAMELA ALBEE, et al.,     )  | |
| )  | |
| Defendants     )  | |

**RECOMMENDED DECISION ON MOTION
FOR SUMMARY JUDGMENT**

William Bloomquist, proceeding pro se, seeks to hold a variety of defendants liable for alleged violations of federal and state law in the aftermath of Bloomquist's arrest in Maine in November 2001 after his wife sought a protection from abuse order against him and the issuance of protection from stalking orders against Bloomquist in New Hampshire on behalf of two individuals with whom Bloomquist was at odds. WCSH-TV, one of the many defendants called to answer Bloomquist's 631-paragraph, seventy-nine-page complaint now moves for summary judgment (Docket No. 158) on the only remaining claim against it, Count Forty-One. This count charges WCSH-TV, among other defendants, with trespassing on Bloomquist's seclusion. Bloomquist has not responded in any fashion to this motion. Having determined that WCSH-TV is entitled to judgment as a matter of law based on the undisputed facts set forth below, I recommend that the Court **GRANT** the motion for summary judgment.

## *Summary Judgment Standard*

The defendant is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its resolution would "affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and the dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," id.   I review the record in the light most favorable to Bloomquist and I indulge all <u>reasonable</u> inferences in his favor. See Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir.2000) (emphasis added).

Bloomquist, who has responded to other motions for summary judgment, has failed to respond in any manner whatsoever to this motion. Bloomquist, thus, has not complied with subsections (c) and (e) of the Local Rule, which provides:

> c) Opposing Statement of Material Facts
> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.
> ...
> (e) Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required
> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.

> The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Dist. Me. Loc. R. Civ. P. 56(c),(e). The fact that he is a pro se plaintiff does not liberate Bloomquist from this pleading burden. Parkinson v. Goord, 116 F.Supp.2d 390, 393 (W.D.N.Y.2000) ("[P]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment."); see also Sirois v. Prison Health Servs., 233 F.Supp.2d 52, 53 -55 (D. Me. 2002).

### *WCSH-TV's Unopposed Statement of Material Fact*

In November 2001 WCSH covered a news story relating to William C. Bloomquist. (Def.'s SMF ¶ 1.) The WCSH reporters assigned to the story were Susan Kimball and Chris Rose. (Id. ¶ 2.) On November 28, 2001, the Cumberland County Sheriff's Department held a press conference reporting on their search of Bloomquist's home. Susan Kimball and a WCSH cameraman named David Thompson covered that press conference. (Id. ¶ 3.) That same day, Kimball interviewed some neighbors of Bloomquist's in Baldwin, Maine. She was assisted by Thompson. (Id. ¶ 4.) Kimball and Thompson were together the entire time they were in Baldwin. At no time did they go on or take video or still pictures of Bloomquist's property. (Id. ¶ 5.) On November 29 Chris Rose did a story about Bloomquist's appearance in court. Rose was assisted by WCSH cameraman Gary Sturtevant. Rose did his story from the Cumberland County Courthouse in Portland. (Id. ¶ 6.) Neither Rose nor Sturtevant entered on any property where Bloomquist resided in the course of preparing any portion of the WCSH news stories on

Bloomquist. (Id. ¶ 7.) WCSH never ran any video of Mr. Bloomquist's residence. (Id. ¶ 8.)

### *Discussion*

In Nelson v. Maine Times the Maine Law Court explained vis-à-vis the tort of intrusion on one's seclusion:

> Restatement (Second), Torts [§] 652B provides:
>> 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.'
>
> In [Estate of] Berthiaume [v. Pratt] we recognized that it is an actionable tort to make an unauthorized intrusion upon a person's physical or mental solitude or seclusion. This concept requires proof of an actual invasion of 'something secret, secluded or private pertaining to the plaintiff'. [] 365 A.2d [792] 795 [(Me. 1976)]. It is not alleged that Maine Times physically intruded upon the plaintiff's 'solitude or seclusion.'
>
> In Berthiaume the defendant made an uninvited entry into the hospital room of a dying person for the express purpose of taking unauthorized photographs, facts which are easily distinguishable from those now before us.
>
> As is made clear by the comments and illustrations in Restatement (Second) of Torts, at 378-80, a complaint should minimally allege a physical intrusion upon premises occupied privately by a plaintiff for purposes of seclusion. See Froelich v. Werbin, 219 Kan. 461, 548 P.2d 482, 485 (1976).

373 A.2d 1221, 1223 (Me. 1977).

It is evident that based on the undisputed facts above that no employee of WCSH-TV intruded on Bloomquist's seclusion within the meaning of Nelson. Bloomquist does claim that there was a "conspiracy" amongst the defendants vis-à-vis this and other counts. However, Bloomquist, in failing to respond to this motion, has not presented factual statements supported by record evidence in support of his conspiracy theory vis-à-vis WCSH-TV. (See Docket No. 171, Report & Recommended Decision at 9 & n.5.)

4

*Conclusion*

For the above reasons I recommend that the Court **GRANT** this motion for summary judgment by WCSH-TV as to Count Forty-One of Bloomquist's complaint.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 1, 2005