UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 03-276-P-S |
| ) | |
| JUSTICE PAMELA ALBEE, et al., ) | |
| ) | |
| Defendants ) | |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE
### AFFIDAVIT OF DAVID HENCH

The plaintiff, William Bloomquist, has filed a motion to strike (Docket No. 173) certain paragraphs of the affidavit of David Hench, a staff writer for the Portland Press Herald/Maine Sunday Telegram, (Docket No. 162) that was filed in response to Bloomquist's motion for summary judgment apropos defendants Hench, Blethen Maine Newspapers, Inc., and Portland Press Herald (Docket No. 144). I now address each paragraph that Bloomquist requests be stricken.

*Paragraph 10*

"Although I now lack specific recall of who my source was in November, 2001, the statements by Anne M. Berlind in her affidavit of March 10, 2005 lead me to believe my source must have been in the Cumberland County Sheriff's Department or the Cumberland County District Attorney's Office." (Hench Aff. ¶ 10.)

Bloomquist asserts that this statement is not a matter within Hench's personal knowledge and that this is demonstrated by his indication that he lacks specific recall of his source. I do not know what Bloomquist is reading into this factual statement but the

fact -- that Hench has a minimal recall of who his source was, but that he had one -- is something within his personal knowledge and there is no reason to strike it. The brunt of Bloomquist's discussion of this paragraph, including his citation to a prior Hench affidavit, is an effort to qualify the statement, an objective which can only be achieved through a proper response to the overlying statement of fact.

*Paragraphs 11, 12*

"I would have considered the Office of the District Attorney a reliable source for that statement given that Bloomquist had sought an internship with the District Attorney." (Hench Aff. ¶ 11.)  "I would have considered the Sheriff's Department a reliable source for that statement given the Department's active investigation of Bloomquist at that time and its close relationship with the Office of the District Attorney."  (Id. ¶ 12.)

Again Bloomquist argues that these paragraphs are not matters within Hench's ken. However, what Hench considers as a reliable source is a matter of which Hench would be the only one who had firsthand knowledge and is also material to Bloomquist's claims. With regards to Bloomquist's efforts to deny that the Cumberland County District Attorney's Office and the Sheriff's Department are reliable sources for any statement about Bloomquist's internship, his citation to Hench's prior affidavit, and argument apropos the implications of Hench's minimal recollection about his source, such qualifications are only achievable by responding in an appropriate manner to the factual paragraphs in the defendants' statement of fact.

*Paragraphs 13, 14, and 15*

"Anne M. Berlind's affidavit confirms the statement in my article that in his second year of law school, Bloomquist was offered an internship with the Cumberland

County District Attorney's office." (Hench Aff. ¶ 13.) "She also states that the Bridgton Police Department did report information of a negative nature on Bloomquist to the District Attorney in connection with his application for an internship. She states, in essence, that Bloomquist was a drug informant." (Id. ¶ 14.) "The District Attorney did later rescind the internship offer." (Id. ¶ 15.)

I agree with Bloomquist that these statements are not proper fodder for Hench's affidavit. The defendants argue that these paragraphs of the affidavit "show that based on the evidence as it exists today, the same statements he published earlier, could still be published today with due care." It is for the defendants to make these observations -- and cite directly to the Berlind affidavit and their evidence that the District Attorney rescinded the internship offer -- in arguing their case vis-à-vis the summary judgment motion. What Hench now subjectively believes about the confirmation of his story is not material to the legal issues in dispute.

Accordingly, I **STRIKE** Paragraphs 13, 14, and 15, and only these three paragraphs, of the Hench Affidavit (Docket No. 162.)

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 22, 2005          /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge