UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST,     ) | |
|               Plaintiff     ) | |
| v.     ) | Civil No. 03-276-P-S |
| JUSTICE PAMELA ALBEE, et al.,     ) | |
|               Defendants     ) | |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE
### AFFIDAVIT OF ANN BERLIND

The plaintiff, William Bloomquist, has filed a motion to strike (Docket No. 174) certain paragraphs of the affidavit of Assistant District Attorney Ann Berlind (Docket No. 163) that was filed in response to plaintiff William Bloomquist's motion for summary judgment apropos defendants David Hench, Blethen Maine Newspapers, Inc., and Portland Press Herald (Docket No. 144). I now address, in turn, the paragraphs to which Bloomquist objects.[1]

*Paragraph 7*

In a separate order I have granted Berlind's motion to amend Paragraph 7 of her affidavit, the first paragraph that Bloomquist finds objectionable. In her initial affidavit Berlind includes the following paragraph: "After Mr. Bloomquist had applied for the student-attorney internship, sometime during the fall or winter of 1996, I received an unsolicited telephone call from an officer with the Bridgton Police Department."

---

[1] Bloomquist includes Paragraph 11 -- "Eligibility for the student-attorney internship position was contingent upon Mr. Bloomquist's certification by his law school pursuant to M.R. Civ. P. 90(b)." (Am. Berlind Aff. ¶ 11.) – in his introductory list of objectionable paragraphs but he does not address this paragraph in the substantive discussion of his motion.

(Berlind Aff. ¶ 7, Docket No. 163.) In the proposed amended paragraph Berlind, who describes her memory has been refreshed by review of the summary judgment pleadings and a conversation with Assistant District Attorney Christine Thibeault, recalls the following sequence of events:

> After Mr. Bloomquist had applied for the student-attorney internship, sometime during the fall or winter of 1996, Assistant District Attorney Christine Thibeault, who covered the Bridgton District Court at that time, told me that an officer from the Bridgton Police Department had approached her, had told her certain information about Mr. Bloomquist, and had suggested that someone else from the DA's office may wish to contact him. Thereafter, I telephoned this officer.

(Am. Berlind Aff. ¶ 7, Docket No. 170, Ex. A.)

With respect to the original affidavit Bloomquist denies that Berlind "received an unsolicited phone call from an officer with the Bridgton Police Department" and alleges Berlind has no first hand knowledge that the call was unsolicited and not made at Bloomquist's request following conversations with various officers at the Bridgton Police Department. He further contends that what the officer told her is hearsay and not admissible.

As the paragraph is now amended there is no assertion vis-à-vis an unsolicited phone call. With regards to any hearsay concern, this paragraph does not describe what the officer told Berlind. This paragraph will not be stricken.

### *Paragraphs 8, 9, and 10*

"That Bridgton police officer told me that he was aware that Mr. Bloomquist had applied to be an intern with the District Attorney's Office." (Am. Berlind Aff. ¶ 8.) "That Bridgton officer also informed me that Mr. Bloomquist was very knowledgeable about the trade in illegal drugs in the Bridgton area." (Id. ¶ 9.) "That officer further

informed me that Mr. Bloomquist was sharing information with the Bridgton Police Department on the local drug trade." (Id. ¶ 10.)

Bloomquist contends that these statements are inadmissible hearsay. I agree with the defendants that these statements are admissible for the non-hearsay purposes of showing the fact that the statements were made (not their truth); the effect of those statements on the hearer (i.e., what action the District Attorney took in response to the information provided by the Bridgton Police Department); and as the context for the District Attorney's actions with regard to Bloomquist's internship application.[2]

*Paragraph 12 and Exhibit A*

"Mr. Bloomquist became ineligible for this position when, in May 1997, the University of Maine School of Law did not certify that he was 'of good character and competent legal ability" suitable for the practice of law, as required by M.R. Civ. P. 90(b). A true and accurate copy dated May 27, 1997, that, on information and belief, the University of Maine School of Law provided to the District Attorney's Office is attached hereto as **EXHIBIT A**." (Am. Berlind Aff. ¶ 12.)

I agree with Bloomquist that the Exhibit does not mention Bloomquist and therefore is not positive proof that the University affirmatively determined that he was not of good character and/or of competent legal ability. However, the paragraph does not attempt to disparage Bloomquist as much as he seems to think it does.[3]  It is not

---

[2]    Bloomquist also asserts that there is "no foundation for the thesis" that being knowledgeable about trade in illegal drugs is negative or positive. What can be inferred from such an assertion is something that the court is responsible for determining in analyzing whether there is a genuine dispute of material fact.

[3]    In moving to strike this paragraph and Exhibit A, Bloomquist argues:
    Plaintiff alleges Defendant Berlind is deceiving this Court by claiming that Plaintiff was
    not certified by the University of Maine School of Law in May of 1997 because he was
    not "of good character and competent legal ability" suitable for the practice of law as
    required by M.R.Civ.P 90(b). The letter attached to Defendant Berlind's Affidavit as
    Exhibit A makes no such claim. Plaintiff's name is not mentioned in it and thus it is not

disputed by Bloomquist that he was unable to get the certification necessary for his employment with the District Attorney's office because he was on academic probation. Neither the exhibit nor the paragraph will be stricken, but the assertion attempted will be limited accordingly, as would be the case even in the absence of the motion to strike.

### *Paragraph 13*

"Mr. Bloomquist was separated from his employment with the District Attorney's Office for failure to meet the certification requirements of his position." (Am. Berlind Aff. ¶ 13.) Admitting that the paragraph is "technically true" Bloomquist moves to strike this paragraph on the grounds that "it was the separate action of the University of Maine School of Law that led to Plaintiff's temporary non-certification, not the Cumberland County District Attorney's Office as implied in this paragraph." (Pl.'s Mot. Strike Berlind Aff. at 3.) I deny the motion to strike as to this paragraph; it is for the Court to draw appropriate inferences from this assertion.

---

    admissible as evidence that the University of Maine School of Law did not certify Plaintiff as a student attorney because he was not of "good character and competent legal ability". The only reason Plaintiff was not certified was "academic probation" due to a single low grade. In fact, Plaintiff was certified some eight months later in January of 1998 as a student attorney when he was no longer on academic probation. Plaintiff has recently recovered a tape recording of Defendant Berlind and Defendant Anderson's telephone conversation with him on May 30, 1997. Plaintiff recorded his call to Defendant Berlind's office to request a "couple more days" to work out his certification problem with the University of Maine School of Law. *Attached Plaintiff's Exhibit A.* The sole issue of Plaintiff's noncertification was Plaintiff's "academic probation" clearly enunciated by Defendant Anderson. Defendant Berlind's allegation that Plaintiff was not certified for any other reason is factually and materially false. Both Defendant Berlind and Defendant Anderson sent Plaintiff a letter dated June 4, 1997 that confirms that it was the law school's decision based on grades not to certify Plaintiff, not as the result of a "background check by the Bridgton Police Department." *Attached Plaintiff's Exhibit B.* Tape-recorded conversations with Dean Zillman of the law school on May 30, 1997 and his and Assistant Dean Barbara Gauditz's letters confirm that the sole issue of Plaintiff's non-certification was academic probation. *Attached Plaintiff's Exhibit D and Exhibit E.*
(Pl.'s Mot. Strike Berlind Aff. at 2-7.)

4

*Paragraph 14*

"I do not believe that I spoke to David Hench on or about November 29, 2001, concerning Mr. Bloomquist's application for an internship with the District Attorney's Office."  (Am. Berlind Aff. ¶ 14.)

Bloomquist attacks this paragraph, again conceding that it may be true, asserting that it does not "properly state a material fact."  He argues that whatever Berlind may or may not have said after the article was published is not relevant.  The use of the phrase "on or about" is meant to cover pre-publication of the article and whether Berlind was Hench's source for the article is relevant to the case.  Relevancy arguments need not be asserted in a motion to strike.  If a fact is truly not material or relevant, it makes no difference to the outcome of the motion.

*Paragraph 15 and Exhibit B*

"The document attached to this Affidavit as Exhibit B is a true and accurate copy of a 6-page statement dated November 28, 2001, that, on information and belief, was signed by Katariina Pulkkinen and was provided to the District Attorney's Office by Ms. Pulkkinen on or about November 28, 2001. It is part of the District Attorney's Office's file in the case of State of Maine v. William C. Bloomquist, Dkt. No. Bridg.-CR-01-1561."  (Am. Berlind Aff. ¶ 15.)

There is no dispute that Exhibit B is a witness statement signed by Bloomquist's (now ex-) wife, which is part of the official investigative file maintained by the Cumberland County District Attorney's Office.   It would be admissible as part of a record of regularly conducted business under Federal Rule of Evidence 803(6).  It shows that there were accusations in the investigative file by a person knowledgeable about

5

Bloomquist that he had been convicted of a crime and lost his position with the District Attorney's office. Many law enforcement sources Hench may have had for his report (at the District Attorney's Office or at the Sheriff's Department) would have had access to this file, buttressing Hench's claim that he had a reliable law enforcement source for his reporting on the fact that Bloomquist lost his internship. Bloomquist's arguments as to why the Court should not credit the exhibit – such as that his wife was in a drug induced psychosis at the time and was manipulating Bloomquist – may cast a light on the veracity of his wife's statement but does not cast doubt on the defendants' assertion that this information – as yet unqualified by his wife – was in the file at the times relevant to Hench's information gathering. The Pulkkinen letter relied on by Bloomquist is dated March 29, 2002. I also note that the brunt of Bloomquist's efforts to get this paragraph stricken is really an argument about countering evidence and the proper way to get that evidence before the court is to include it as a statement of fact in the summary judgment pleading.

For these reasons I order that the Bloomquist's motion to strike several paragraphs of the Berlind Affidavit (Docket No. 174) is **DENIED** in its entirety.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 22, 2005

            /s/ Margaret J. Kravchuk
            U.S. Magistrate Judge