UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST,         )<br>                                                    )<br>          Plaintiff            )<br>                                                    )<br>v.                                                )     Civil No. 03-276-P-S<br>                                                    )<br>JUSTICE PAMELA ALBEE, et al., )<br>                                                    )<br>          Defendants         )  | |

**ORDER ON DEFENDANTS' MOTION TO STRIKE
PARAGRAPH 4 OF BLOOMQUIST'S AFFIDAVIT**

Defendants David Hench and Blethen Maine Newspapers, Inc. move to strike Paragraph 4 of the plaintiff's, William Bloomquist, affidavit (Docket No. 156) which he submitted in support of his motion for summary judgment against them. Paragraph 4 of this affidavit contains the statement "the Bridgton Police Department conducted no background check of Plaintiff, nor if they had conducted a background check would any negative information have surfaced." (Bloomquist Aff. ¶ 4, Docket 146.) The defendants argue that Bloomquist's statement as to whether the Bridgton Police Department conducted a background check on him and what would have surfaced if it had done so should be struck on the grounds that the statement is, one, not a matter within his personal knowledge; and, two, not admissible in evidence.

Bloomquist counters that this paragraph is admissible pursuant to Federal Rule of Evidence 803(7), which provides:

> Evidence that a matter is not included in the memoranda reports, records, or data compilations, in any form, kept in accordance with the provisions of paragraph (6), to prove the nonoccurrence or nonexistence of

> the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803(7). He argues that his statement in Paragraph 4 is an exception to the hearsay rule of Federal Rule of Evidence 802 and is therefore admissible to show the absence of any arrests, detentions, investigative information, or any other information of a "negative" nature in possession of the Bridgton Police Department. Bloomquist believes that these types of events are regularly recorded by law enforcement as part of every agency data compilations.

Bloomquist also argues that his "amended affidavit" should cure the defendants' complaint that he has no personal knowledge of whether or not a background check had been run. In this chaotic docket I could not locate this amended affidavit. However, the court is in receipt of Bloomquist's exhibit for his response to the defendants' motion to strike. (Docket No. 167, Ex. 1.) This is a page from some sort of application containing a firearm certification by Bridgton Chief of Police Robert Bell, dated August 3, 1994. It certifies that he has no information indicating that Bloomquist will use the firearm or device subject to the application for other than lawful purposes and that he had no information that the receipt or possession of the item would place Bloomquist in violation of a state or local law. Bloomquist argues that if the Bridgton Police Department had any valid negative information about Bloomquist they would not have allowed Bloomquist to continue to possess and obtain large arsenals of military weapons or certified the renewal of his federal firearm licenses and concealed weapons permits.

I agree with the defendants that Bloomquist's Paragraph 4 is not cognizable as record support for any material fact in his efforts to achieve summary judgment.

Assuming that this 1994 certification is admissible evidence, see Fed. R. Civ. P. 56(e) ("Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.") (emphasis added), it is not per se probative of what the Bridgton Police Department would have found in the fall of 1996 and/or the winter and spring of 1997. Bloomquist reaches too far in asking for such an inference. Bloomquist also does not have adequate first hand knowledge of whether or not the police conducted a background check on Bloomquist. See id. ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

Although in a normal summary judgment context I would simply disregard the fact as not properly supported, in an effort to add clarity to the docket I will **GRANT** this motion to strike (Docket No. 156). However, in considering the motion for summary judgment I will assume that in 1994 the Bridgton Chief of Police was willing to certify Bloomquist's eligibility for one (unspecified) firearm or device.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 22, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge