UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM C. BLOOMQUIST, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 03-276-P-S |
| | ) | |
| JUSTICE PAMELA ALBEE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO AMEND RESPONSE TO SUMMARY JUDGMENT**

On January 18, 2005, one group of defendants in this 42 U.S.C. § 1983 action –

Kennebec Journal, Online Morning Sentinel, David Hench, Blethen Maine Newspapers,

Inc., and Portland Press Herald  -- filed a motion for summary judgment.  (Docket

No.117.)  Responsive pleadings were due by February 9, 2005.  On February 9, 2005,

William Bloomquist, the plaintiff, filed a responsive memorandum (Docket No. 137) and

a statement of additional facts (Docket No. 139).  He did not file a reply to the

defendants' statement of material fact.  On February 18, 2005, the defendants filed a reply

memorandum (Docket No. 142), which opens by pointing out that Bloomquist failed to

controvert any of their facts, and a response to Bloomquist's additional facts (Docket No.

143).

On February 22, 2005 --  four days after these reply pleadings were electronically

posted and thirteen days after the deadline -- Bloomquist filed this motion to amend

seeking to file a response to the defendants' statement of material facts.  (Docket No.

148.)  In this motion Bloomquist claims he was ill between February 1 and February 8,

2005, and that there were power outages in his area on February 9, 2005.  He states that

he got his power back late on the 9th and was just able to e-file his response prior to

midnight.  He says that he is having problems filing multiple and separate documents in

the ECF system.  He also contends that a major winter storm on February 10 and 11 left

Bloomquist without power and telephone until late Sunday, February 6 (four days

earlier).  He claims that he did not discover the error in his transmission until he received

the defendants' reply to his motion for summary judgment.  Bloomquist does not aver that

he had prepared his reply to the statement of material fact by February 9, 2005.  The

responsive statement of facts he now submits is dated February 22, 2005, and was filed

contemporaneously with this motion to amend his summary judgment response. (See

Docket No. 149.)

     Bloomquist argues that the failure to file the responsive statement was inadvertent

and that his neglect was excusable.  The moving defendants have filed a response

opposing the motion to amend. (Docket No. 154.)  They point out that Bloomquist has a

history of filing amendments and modifications in this case and has repeatedly misfiled

pleadings.  "He has," they argue, "already exhausted any reservoir of leniency that he

might otherwise have been entitled to in this action."

     I am not granting Bloomquist's motion to amend because I find excusable his

recurring negligent infliction of docket confusion (nearing chaos) on this court and the

defendants. I warn Bloomquist that this court's tolerance of his flawed electronic filings is

running thin.

     It is not without considerable frustration (and in full sympathy with the

defendants' position on the matter) that I grant Bloomquist's motion to amend.  Doing so

will not place an added pleading burden on the defendants as they do not have a duty or right to respond to these responsive statements. The onus of dealing with this material falls on the court's shoulders. I also note that most of the material is redundant of the factual statements in Bloomquist's separate statement of material fact and relies on the same affidavit. The defendants have already had an opportunity to respond to these statements and in fact have moved to strike at least one paragraph of the sole affidavit that provides the 'record' support for these statements of fact. (Docket No. 156). To the extent the defendants claim they will be prejudiced by the allowance of the motion to amend because they filed their reply in reliance upon the fact that their statement of facts would be deemed admitted, I have reviewed the pleadings and can discern no prejudice to the defendants. I do reassure the defendants that the court will not countenance factual assertions that are dependant on Bloomquist's affidavit statements when those affidavit statements are not proper support for the assertions made.

The motion to amend (Docket No. 148) is **GRANTED** to the extent that the document already filed at Docket No. 149 is to be treated as a late response to defendant's statement of material facts.

<u>CERTIFICATE</u>

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

***So Ordered.***

Dated April 22, 2005

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge