UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 03-276-P-S |
| ) | |
| JUSTICE PAMELA ALBEE, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION
FOR SUMMARY JUDGMENT**

William Bloomquist, proceeding pro se, seeks to hold a variety of defendants liable for alleged violations of federal and state law in the aftermath of Bloomquist's arrest in Maine in November 2001 after his wife sought a protection from abuse order against him and the issuance of protection from stalking orders against Bloomquist in New Hampshire on behalf of two individuals with whom Bloomquist was at odds. WPXT FOX 51 (a wholly owned subsidiary of Pegasus Broadcast Television, Inc), one of the many defendants called to answer Bloomquist's 631-paragraph, seventy-nine-page complaint now moves for summary judgment (Docket No. 224). Having determined that WPXT FOX 51 is entitled to judgment as a matter of law based on the undisputed facts set forth below, I recommend that the Court **GRANT** the motion for summary judgment.

*Summary Judgment Standard*

The defendant is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that it is

"entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if its resolution would "affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and the dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," id.   I review the record in the light most favorable to Bloomquist and I indulge all reasonable inferences in his favor. See Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir.2000) (emphasis added).

Bloomquist, who has responded to other motions for summary judgment, has failed to respond in to this motion. Bloomquist, thus, has not complied with subsections (c) and (e) of the Local Rule, which provides:

> c) Opposing Statement of Material Facts
> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.
> ...
> (e) Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required
> Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

Dist. Me. Loc. R. Civ. P. 56(c),(e).  The fact that he is a pro se plaintiff does not liberate Bloomquist from this pleading burden. Parkinson v. Goord, 116 F.Supp.2d 390, 393 (W.D.N.Y.2000) ("[P]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment."); see also Sirois v. Prison Health Servs., 233 F.Supp.2d 52, 53 -55 (D. Me. 2002).

*WPXT-TV's Unopposed  Statement of Material Fact*

On June 2, 2004, Pegasus Satellite Television, Inc. filed for protection under Chapter 11 of the United States Bankruptcy Code. The case was assigned Docket No. 04-20878, the Honorable James B. Haines, Jr. presiding. (Def.'s SMF ¶ 1.)  Also filing were Pegasus Broadcast Television, Inc., assigned Docket No. 04-20867, and Portland Broadcasting, Inc., assigned Docket No. 04-20866. (Id. ¶ 2.)  By order of the Bankruptcy Court entered on June 4, 2004, the Court ordered the case of Pegasus Broadcast Television, Inc. to be jointly administered with the case of Pegasus Satellite Television, Inc. with the case of Pegasus Satellite Television, Inc., Docket No. 04-20878 designated as the lead case. (Id. ¶ 3.)  Both Pegasus Broadcast Television, Inc. and Portland Broadcasting, Inc. operate the entity known as "WPXT." (Id. ¶ 4.)

On September 1, 2004, the Bankruptcy Court set a claims bar date of October 12, 2004, for the filing of any claim (except the claim of a governmental unit), against any of the jointly administered Debtors. (Id. ¶ 5.)  Bloomquist had actual notice of the filing of the bankruptcies by the filing of the "Suggestion of Bankruptcy" in this proceeding. (Id. ¶ 6.) In addition, he was served with notice of the claims bar date. (Id. ¶ 7.)   Bloomquist did not file a proof of claim in the Pegasus bankruptcies.  (Id. ¶ 8.)

On April 15, 2005, the Bankruptcy Court entered an Order confirming the jointly administered Debtors' First Amended Joint Chapter 11 Plan. (Id. ¶ 9.) There have been no appeals taken from the Confirmation Order. (Id. ¶ 10.) Pursuant to the terms of the approved Plan, the Plan became effective on May 5, 2005. (Id. ¶ 11.)

**Recommended Disposition**

Bloomquist has not challenged any of the defendant's factual statements or legal arguments, see Browner v. Rosen, 56 B.R. 214, 216 (D. Mass.1985) ("[T]he sole remedy for asserting an affirmative right to monies owed by a bankrupt's estate, based on prepetition debt, is to file proofs of claim."). And I have reviewed these facts and this legal argument and I conclude that WPXT FOX 51 is entitled to judgment as a matter of law.

*Conclusion*

I recommend that the Court **GRANT** this unopposed motion for summary judgment (Docket No. 224).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 31, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge