UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM C. BLOOMQUIST,  )<br>  )<br>      Plaintiff  )<br>  )<br>v.  )<br>  )<br>JUSTICE PAMELA ALBEE, et al.,  )<br>  )<br>      Defendants  ) | Civil No. 03-276-P-S |

**RECOMMENDED DECISION ON MOTION
TO DISMISS/FOR JUDGMENT ON THE PLEADING**

It is beyond debate that 42 U.S.C. § 1983 "is aimed at state action and state actors"; "persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253 (1st Cir. 1996). Count 31 of William Bloomquist's complaint seeks to hold reporter David Hench and his employer, the Portland Press Herald liable for denying him due process and unlawfully convicting him of a crime "by their intentional and malicious release of privileged information that they were statutorily prohibited from disseminating to others." Hench and the Portland Press Herald, having previously extricated themselves from several counts in this law suit, now move for dismissal or for judgment on the pleadings (Docket No. 216) as to Count 31 -- the last possible count of this complaint that arguably seeks to hold them liable -- on the grounds that they are not state actors. For the following reason, I recommend that the Court **GRANT** the motion for judgment on the pleadings.

*Discussion*

In the wake of Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002), to survive a motion to dismiss for failure to state a claim a 42 U.S.C. § 1983 complaint,

> need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). State of mind, including motive and intent, may be averred generally. Cf. Fed.R.Civ.P. 9(b)(reiterating the usual rule that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally"). In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66 (1st Cir. 2004).

However, Educadores Puertorriquenos en Accion did not indicate that every pleading, even those utterly devoid of factual content, necessarily survives a motion seeking dismissal for failure to state a claim:

> From this we intuit that, in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why--although why, when why means the actor's state of mind, can be averred generally. As we have said in a non-civil-rights context, the requirements of Rule 8(a)(2) are minimal--but "minimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988).
> 
>     Second, in considering motions to dismiss courts should continue to "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir.1987) (citation and internal quotation marks omitted). Such eschewal is merely an application of Rule 8(a)(2), not a heightened pleading standard uniquely applicable to civil rights claims. See Correa-Martinez, 903 F.2d at 52-53 (treating the general no-bald-assertions standard and the heightened pleading standard for civil rights cases as two separate requirements); see also Higgs, 286 F.3d at 439 (rejecting the idea of "special pleading rules for prisoner civil rights cases," but nonetheless requiring complaints to meet some measure of specificity). As such, we have applied this language equally in all types of cases. See, e.g., Arruda v.

> Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir.2002) (holding plaintiff to this standard in a bankruptcy action); LaChapelle, 142 F.3d at 508 (holding plaintiff to this standard in an action alleging breach of contract and intentional infliction of emotional distress). We will continue to do so in the future.

Id. at 68.

"'An actionable section 1983 claim must allege facts sufficient to support a determination '"(i) that the conduct complained of has been committed under color of state law, and (ii) that [the alleged] conduct worked a denial of rights secured by the Constitution or laws of the United States."'" Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (quoting Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir.1992) quoting Chongris v. Board of Appeals, 811 F.2d 36, 40 (1st Cir.)).

Accordingly, to hold these non-state actors liable on the § 1983 counts Bloomquist must demonstrate that Hench was acting under the "color of law" in a conspiracy with state actors. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150-52 (1970) (holding that private parties, jointly engaged with state officials in unlawful conduct, are acting under "color of law" for purposes of 42 U.S.C.§ 1983, indicating that private and public parties must act with a common understanding or "meeting of the minds").

Bloomquist indeed seeks to hold Hench (and his employer) liable as a "private actor who agrees to do the unconstitutional bidding of a public officer." Tomaiolo v. Mallinoff, 281 F.3d 1, 9 n.8 (1st Cir. 2002). In his opposition to the defendants' present motion Bloomquist asserts: "In fact, Defendants Hench and Portland Press Herald played an active role in publishing the law enforcement defendants' false statements." (Opp'n Mot. Dismiss/Mot. J. Pleadings at 2.) The published statement identified by Bloomquist

3

is: "In his second year of law school Bloomquist was offered an internship with the Cumberland County District Attorneys Office, but the off[er] was rescinded following a background check with the Bridgton Police department." (Id.)  Bloomquist "argues that Defendants knowingly published this statement knowing that it was secretly given to them, knowing that it was unconfirmed, and knowing that it was false." (Id.)  "This Count 31," Bloomquist explains, "alleges that Defendant David Hench and Portland Press Herald among others caused Plaintiff to be denied due process and unlawfully convicted of a crime by their intentional and malicious release of privileged information that they were statutorily prohibited from disseminating to others." (Id. at 3.)

The problem for Bloomquist is that to analyze whether or not his allegations suffice to allege that these defendants were acting in conspiracy with the state actors in violating his constitutional rights I have to identify how the alleged conduct of non-state-actor defendants interfaced with the particular constitutional violation identified.  Here, Bloomquist refers to a denial of due process by his unlawful conviction of an unidentified crime.  If Bloomquist is referring to the criminal background referenced by Hench in his report – an insinuation of past criminal record that Bloomquist asserts elsewhere was defamatory (and, therefore, not true) -- then this subsequent revelation by Hench can in no way have been an act that would further any malicious prosecution or infringe due process rights vis-à-vis past criminal proceedings that were identified as part of that background check.  On the other hand, if Bloomquist is referring to his prosecution and due process rights apropos the charges on which he was held at the time the information was passed from the state actors to Hench -- charges which in other pleadings Bloomquist has made clear never came to prosecutorial fruition -- Hench's reporting on those charges

4

(while theoretically a basis for state law tort claims) could have no proper legal effect on (the already consummated) decision to arrest Bloomquist and the subsequent prosecutorial decisions.

### *Conclusion*

I recommend that the Court **GRANT** this motion (Docket No. 216) by Portland Press Herald and David Hench because Count 31 of Bloomquist's complaint fails to state a claim against these defendants.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 6, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge