UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM C. BLOOMQUIST, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 3-276-P-S |
| JUSTICE PAMELA ALBEE, | ) ) ) | |
| Defendant | ) | |

### RECOMMENDED DECISION ON ORDER TO SHOW CAUSE
### AND
### ORDER ON MISCELLANEOUS MOTIONS

On December 1, 2003, William Bloomquist filed a complaint naming as defendants at least thirty-six different individuals, governmental entities, and media outlets. During the last two and one-half years this court has resolved at least twenty-one separate dispositive motions filed by the parties. There are currently 333 docket entries, reflecting the long arduous history of this litigation. On March 10, 2006, this court entered an order affirming the recommended decision on the last pending dispositive motion in this case. As a result of that ruling four people, -- Susan Benfield, Scott Floccher, Cindy McKeown, and Roxanne Hagermann -- remained as defendants in this action. The three women responded to the complaint and entered their appearances *pro se* but have taken no further part in the litigation. To the best of my knowledge Floccher has never been served.

Following the court's affirmance of my last recommended decision, I determined that, before this case could be placed on the trial list, the plaintiff had an obligation to explain to the court what his federal claims were against Benfield, McKeown, and

Hagermann.  Although I have reviewed the factual allegations of Bloomquist's amended complaint (Docket No. 7) any number of times, I was unable to easily identify the causes of action pled against these three specific defendants.  Therefore on March 13, 2006, I issued an order to show cause, requiring Bloomquist to respond by April 18, 2006.  In the order to show cause I warned Bloomquist that in order to avoid dismissal of the action as to these four defendants,  he would have to identify, as to each defendant, "the operative facts within the amended complaint that apply to that particular defendant" and "the nature of the cause of action plaintiff claims is pled in the amended complaint as it relates to that particular defendant."[1]  (See Docket No. 329.)  Bloomquist's first response after I issued my order to show cause, filed on April 7, 2006, consisted of filing two interlocutory notices of appeal relating to two orders entered by the District judge, one on March 9, 2006, and one on February 16, 2006.  Neither of those orders is in any way related to the claims against the four *pro se* defendants and I see no reason why this court would be divested of jurisdiction to dispose of the remaining issues in the case.  See United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) ("As a general rule with only limited exceptions, the entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal.") (emphasis added).

At 9:09 p.m. on April 18, 2006, Bloomquist filed an electronic response to the show cause order consisting of a one page, four paragraph response, an index of attached exhibits, and a fourteen page plaintiff's affidavit that primarily tracks the factual allegations of the complaint.  The index of attachments suggests that in addition to the affidavit the court can look forward to the receipt of seven additional attachments, I know

---

[1] Bloomquist, although he appears *pro se* in this action, has repeatedly reminded the court that he is a 1998 law school graduate  I therefore do not believe that requiring the *pro se* litigator to identify a "cause of action" is a particularly onerous burden to place upon him.

not when. The sum and substance of Bloomquist's four paragraph response is the following:

> 1. Plaintiff attaches enclosed affidavit, transcript, and documents to substantiate that he has valid causes of action against the remaining Defendants.
>
> 2. Plaintiff respectfully requests a brief extension of time to file Motions for Summary Judgment against Defendants Benfield, Floccher, Haggerman, and McKeown.
>
> 3. Plaintiff respectfully requests a brief extension of time to file a Motion for Service by Publication against Defendant Floccher.
>
> 4. Plaintiff respectfully requests instructions from the Court on how he should have, or need to have, Defendant Benfield served with Plaintiff's Motion for Summary Judgment as she has continued to try to evade receiving or responding to Court filings and has refused to provide even a mailing address to the Court.

*Motion for Extension of Time to File Motions for Summary Judgment*

This motion is **denied.** The deadline for filing dispositive motions was set by the scheduling order and extended by the court at the parties' request. Bloomquist himself, in accordance with those deadlines, filed a motion for summary judgment on August 17, 2005. In any event, by issuing the order to show cause I essentially gave Bloomquist the extended opportunity to file, by April 18, 2006, a pleading that would explain why he was entitled to a judgment against these four individuals as a matter of law. He has not identified one single cause of action against one single defendant. The motion practice in this case is over.

*Motion for Service by Publication*

This motion is **denied.** Rule 4(m) of the Federal Rules of Civil Procedure gives a litigant 120 days to make service. If Bloomquist could not serve Floccher he should have obtained leave and made service by publication long before now.

*Motion for Instructions from the Court*

This motion is **denied.**

*Recommended Decision*

Based upon the foregoing I recommend that the amended complaint be dismissed as to Scott Floccher because plaintiff has failed to make service upon him.  As to Benfield, McKeown, and Hagermann, Bloomquist's affidavit and attachments do nothing but regurgitate factual allegations set forth in the amended complaint.  I have read those allegations and I cannot identify a federal claim as to any defendant.  While it might be possible to invent state tort law causes of action, Bloomquist has chosen not to engage himself with that creative exercise despite the direction in the show cause order requiring that he identify the causes of action.  In any event this case is not before the court due to diversity jurisdiction and I see no reason why the court would want to retain jurisdiction of supplemental state law claims.  I recommend that the complaint be dismissed as to the four remaining defendants.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 19, 2006.